**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-6756**

———————————

DALE EUGENE ELLIS,

                Petitioner - Appellant,

      v.

UNITED STATES OF AMERICA,

                Respondent - Appellee.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:09-cr-00017-RLV-DCK-1; 5:12-cv-00085-RLV)

———————————

Submitted: July 29, 2014          Decided: August 1, 2014

———————————

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Dale Eugene Ellis, Appellant Pro Se. Steven R. Kaufman, Assistant United States Attorney, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dale Eugene Ellis seeks to appeal the district court's order denying his 28 U.S.C. § 2255 (2012) motion because it was his second such motion and he did not have authorization from this court and noting that he waived his right to collaterally attack his sentence in a § 2255 motion or similar authority. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Ellis has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

2

Additionally, we construe Ellis' notice of appeal and informal brief as an application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (2012). Ellis' claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion. We also note that Ellis is not eligible for relief under the alternative authorities he cited in the district court and in his informal brief.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

3